UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWIN WILDER C.,

            Petitioner,

     v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

            Respondent.

No. 1:26-cv-03175-TLN-CKD

A # 221-220-536

**RELEASE ORDER**

This matter is before the Court on Petitioner Edwin Wilder C.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Immediate Release (ECF No. 6). Respondent filed a Motion to Dismiss, which the Court construes as an opposition to the Habeas Petition.[2] (ECF No. 7.) For the reasons set forth below, Petitioner's Habeas Petition is GRANTED. (ECF No. 1.) Petitioner's Motion for Immediate Release is DENIED as moot. (ECF No. 6.)

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    Although their filing is styled as a "Motion to Dismiss," Respondent does not present a properly noticed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b).

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an asylum-seeker who entered the United States on September 24, 2024. (ECF No. 9-1 at 2.)  He was encountered by Border Parol, issued a Notice to Appear, and placed in removal proceedings.  (*Id.*; ECF No. 9-4.)  After initial processing, Petitioner was released. (ECF No. 6 at 2.)

Following his entry into the United States, Petitioner was gainfully employed at a furniture rental company with valid work authorization.  (ECF No. 1 at 4, 13.)  Petitioner filed an application for asylum, which remains pending.  (*Id.* at 4.)  He does not have a final order of removal.  (*Id.*)  Petitioner maintains that he fully complied with his conditions of release.  (*Id.*) He also maintains that he neither a danger to the community nor a flight risk.  (*Id.* at 4–5.) Petitioner has no criminal history.  (*Id.* at 4.)

On April 13, 2026, Petitioner was arrested at a scheduled check-in at the Intensive Supervision Appearance Program ("ISAP") office in Baltimore, Maryland.  (*Id.*; ECF No. 9-1 at 2.)  During this check-in, Petitioner was told he was being arrested because of a "failed home visit."  (ECF No. 1 at 4.)  According to Petitioner, he was unaware of any scheduled home visit and was not provided an opportunity to dispute the allegation.  (*Id.*)  Petitioner was taken into custody and transferred between detention facilities in Baltimore, Louisiana, and Arizona.  (*Id.*) Petitioner was eventually transferred to the California City Immigration Processing Center where he remains in detention.  (*Id.*)

May 22, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus challenging the lawfulness of his civil detention.  (*Id.* at 6–8.)  Petitioner seeks immediate release.  (*Id.* at 8.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 7.)  In opposition, Respondent contends Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[3]  (ECF No. 9 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.   Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."

---

[3]   Although Respondent only states generally that Petitioner is "subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)," based on the cases Respondent relies on and the content of their brief, the Court understands Respondent to be referring to § 1225(b)(2) and not § 1225(b)(1).  (ECF No. 9 at 1–2.)

*Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear interest in his continued freedom protected by the Due Process Clause.  The government's decision to release Petitioner following his initial encounter with Border Patrol was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  *Morrissey*, 408 U.S. at 482.  Respondent does not claim Petitioner violated the terms of his release.  (*See generally* ECF No. 9.)  Although Petitioner was told he was arrested for a purported ISAP violation, Petitioner maintains that he fully complied with the terms of his release and was not previously aware of a violation.  (ECF No. 1 at 4.)  The Court finds credible Petitioner's belief that he was in full compliance, thus preserving the full force of his liberty interest.  *See Bernal v. Albarran*, No. 25-CV-09772-RS, 2025 WL 3281422, at *6 (N.D. Cal. Nov. 25, 2025) (finding detention of asylum applicant improper under § 1226(a) even if she violated the conditions of her release, because she was not a danger to society or a flight risk).

Moreover, Petitioner has lived in the United States for nearly two years, during which time he pursued his asylum claim and built a life, working and developing ties to his community. The time Petitioner spent released in this country and the meaningful community connections he appears to have made in that time create a powerful interest for Petitioner in his continued liberty. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–94 (E.D. Cal. 2025) (finding similarly).

The Court is not persuaded by Respondent's argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b).  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's position.  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a

category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondent puts forth no new arguments or facts justifying a different conclusion in this case. Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2). Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

B.    Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in

5

protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976.  As Respondent does not argue Petitioner is a danger to the public or a flight risk, and Petitioner maintains he fully complied with the terms of his release and has no criminal history, the risk that he is being detained without proper justification is exceedingly high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low.  The effort and cost required to provide Petitioner procedural safeguards are minimal.  *See Doe*, 787 F. Supp. 3d at 1094.  Notice and custody determination hearings are routine processes for Respondent.  Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondent articulates no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.[4]

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.     Respondent must IMMEDIATELY RELEASE Petitioner Edwin Wilder C. (A # 221-220-536) from custody under the same conditions he was released under previously.  At the time of release, Respondent must return all of Petitioner's documents and possessions. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2.     Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining

---

[4]     Petitioner also claims his detention violates the Immigration and Nationality Act. (ECF No. 1 at 6–7.)  As the Court concludes Petitioner's detention violates the Fifth Amendment Due Process Clause, the Court need not consider Petitioner's statutory claim.

Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

> 3. Petitioner's Motion for Immediate Release is DENIED as moot. (ECF No. 6.)

> 4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 5, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE